# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

CHARLES MANLEY,

    *Petitioner*,

vs.

TIMOTHY FILSON, *et al.*,

    *Respondents*.

3:15-cv-00083-LRH-WGC

ORDER

This habeas matter is before the Court in connection with, *inter alia*, petitioner's motion (ECF No. 25) to clarify and authenticate supplemental exhibits.

Petitioner previously has been directed to show cause why his petition challenging his habitual criminal adjudication and sentencing should not be dismissed as untimely. As part of his response, petitioner maintains that he is actually innocent of the habitual criminal sentencing enhancement. The Court directed respondents to file a supplemental exhibit containing copies of the prior judgments of conviction filed at petitioner's September 30, 2004, sentencing. In the current motion, petitioner challenges the authenticity of the supplemental exhibit filed in response to the Court's order. He points to several indicia that he maintains establishes the existence of a coverup to conceal an alleged fact that judgments of conviction were not filed in support of the habitual criminal adjudication and sentencing.

The Court will direct respondents to submit copies of the relevant materials certified by the state district court clerk together with evidence responding to petitioner's alleged indicia of a coverup, as further specified at the end of this order.

This action just passed the three-year anniversary of its filing. The Court thus intends to resolve, at the very least, the pending show-cause inquiry prior to March 30, 2018. Accordingly, no extensions

1 of time will be granted to respond to the directives of this order absent the most compelling of
2 circumstances. Such compelling circumstances shall not include the fact that respondents' counsel is
3 in Ely and the state district court clerk is in Las Vegas. If, for example, physically walking requests
4 and/or documents through the state court clerk's office is required to timely comply with this order,
5 counsel will have to have an attorney or staffer with the attorney general's office in Las Vegas walk the
6 matter through the state district court clerk's office. The Court otherwise cannot express in strong
7 enough terms its intention to be able to resolve the pending motion and the show-cause inquiry as
8 promptly as is possible.

IT THEREFORE IS ORDERED that, within **twenty-one (21) days** of entry of this order, respondents shall file a response to petitioner's pending motion (ECF No. 25) and in connection with same further shall do the following:

(1) respondents shall obtain two (2) copies of the exhibit containing the prior judgments of conviction filed at petitioner's September 30, 2004, sentencing that are certified by the state district court clerk;[1]

(2) respondents (a) shall file one such certified copy as a manual exhibit in the record in this matter in Reno; (b) shall serve the other such certified copy upon petitioner along with a hard copy of their response to the motion; and (c) shall include a photocopy of the certified copy as an additional numbered exhibit with their response to the motion;[2]

(3) respondents shall submit with the response such affidavits or declarations by persons with personal knowledge of at the very least the relevant state court procedures as are necessary to respond to the points raised in petitioner's

---

[1]The Court is not directing counsel to have the state court clerk certify the judgments *in* the exhibit, a number of which are from out of state. Rather, the Court is directing counsel to have the state clerk certify that each one of the two duplicate exhibits *containing* the prior judgments of conviction is a true and correct copy of the exhibit filed at the September 30, 2004, sentencing.

[2]The Court thereafter will compare the manually-filed certified copy with the supplemental exhibit Number 25 previously filed by respondents as well as with the newly-filed supplemental exhibit containing a photocopy of the certified copy.

-2-

motion, including regarding: (a) petitioner's claim that the "date admitted" entry on the form was overwritten and/or changed to "09/30/04;" (b) why the judge, prosecutor, and court reporter on the vault exhibit form differ from the corresponding names from the sentencing; (c) whether the footer or document description at the bottom of the vault exhibit form reflects that the form was generated in 2008, nearly four years after the September 30, 2004, sentencing; (d) whether the prior judgments of conviction would or could have been admitted at the sentencing without any – further – statement by the presiding judge admitting the exhibit into evidence and/or a reference by the clerk and/or reporter in the transcript to the admission of the exhibit; and (e) any and all additional factual particulars necessary to respond to petitioner's claim that copies of the judgments of conviction contained in respondents' Exhibit No. 25 were not in fact filed at petitioner's September 30, 2004, sentencing.[3]

IT FURTHER IS ORDERED that petitioner shall have **twenty-one (21) days** from service of the response filed by respondents within which to dispatch a reply to the response. Petitioner also may include therein any additional argument that petitioner has with respect to actual innocence in light of the prior judgments of conviction contained within respondents' Exhibit Number 25, assuming for the sake of argument that the judgments of conviction contained therein were presented and filed at the September 30, 2004, sentencing.

IT FURTHER IS ORDERED that requests for extension of the deadlines in this order will be considered in only the most compelling of circumstances.

DATED this 9th day of February, 2018.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

---

[3] Other than as directed above, counsel need not send hard copies of the materials filed with the response to the Reno Clerk's Office. Other than review of the manual exhibit filed, the material submitted with the response will be reviewed exclusively in electronic form on CM/ECF.